UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| DONALD LEE TARRANCE,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES HARTLEY, Warden,<br><br>        Respondent. | 1:08-cv-00985-OWW-BAK-GSA HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 12)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed his petition on July 11, 2008, claiming that his parole had been unlawfully revoked for findings of guilt on two counts of possession of a deadly weapon and one count of marijuana use. (Doc. 1). As grounds therefore, Petitioner alleged the following errors: (1) Petitioner was denied a "friendly" witness at the revocation hearing; (2) insufficient evidence to prove he possessed a deadly weapon; and (3) the sheriff's testimony at the revocation hearing was not accompanied by a police report. (Id.). Petitioner alleges that as a result of his parole

revocation, he was sentenced to a period of re-incarceration from November 1, 2007 through October 31, 2008.  (Id. at p. 6).  The relief Petitioner requests in his petition is reversal of the finding of guilt at the prior parole revocation hearing and his release from custody, or, if he has already been released from custody, to take "the time off the end of his remaining parole."  (Doc. 1, p. 24).

On December 5, 2008, Respondent filed the instant motion to dismiss the petition, contending that because Petitioner had already completed his sentence following parole revocation, the petition is moot.  (Doc. 12).  On March 16, 2009, Petitioner filed his opposition to the motion to dismiss.  (Doc. 17).  On June 15, 2009, Petitioner filed with the Court a notice of change of address to a post office box in Rail Road Flat, California.  (Doc. 19).

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a defense of mootness  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a

formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  The Petition Is Moot And Should Be Dismissed.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Court has not power to decide cases that do not affect the rights of litigants in the case before them. Defunis v. Odegaard, 416 U.S. 312, 316 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976); NAACP, Western Region, 743 F.2d at 1353.

A habeas petition that challenges an underlying conviction is not rendered moot by the expiration of the sentence that was imposed as a result of the conviction. Lane v. Williams, 455 U.S. 624, 631-32, 102 S.Ct. 1322, 1327 (1982); Sibron v. New York, 392 U.S. 40, 55-56, 88 S.Ct. 1889, 1898-99 (1968); Wood v. Hall, 130 F.3d 373, 376 (9th Cir.1997). In such a case, there is a presumption that a criminal conviction has some continuing, collateral consequences that will preclude mootness, even if the collateral consequences are remote and unlikely to occur. See Spencer v. Kemna, 523 U.S. 1, 7, 11, 118 S.Ct. 978 (1998). However, this presumption of continuing collateral consequences that is applied to criminal convictions does not extend to parole revocations. Spencer,523 U.S. at 11-15. If a petitioner's parole violation term has already been served, the petitioner who seeks to challenge that parole revocation must demonstrate that continuing collateral consequences exist. See id. at 14; see also Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987).

In this case, Respondent has filed documents with the motion to dismiss establishing that Petitioner was indeed released from his parole revocation re-incarceration on October 31, 2008.

1  (Doc. 12, Ex. 1). Petitioner does not dispute this evidence. Therefore, the Court finds that
2  Petitioner has completed his term of imprisonment resulting from the parole revocation hearing
3  at issue in the petition. Petitioner has not alleged, let alone proven, that any collateral
4  consequences will result from the parole revocation. Moreover, the Supreme Court has reviewed
5  many hypothetical collateral consequences of a parole revocation finding---e.g., its use in a
6  possibly future parole denial, in a possible future parole revocation, for impeachment evidence,
7  and for a civil rights lawsuit---and found that these consequences are too speculative and
8  dependent on too many other factors to constitute collateral consequences that would preclude
9  mootness. Spencer, 523 U.S. at 13-18.

10  Therefore, any finding by this Court in Petitioner's favor concerning the petition's claims
11  would not entitle Petitioner to any beneficial collateral consequences. In other words, no
12  disability on Petitioner would be removed nor would Petitioner be entitled to any benefit were
13  this Court to find that any of the alleged constitutional violations presented in the petition
14  actually occurred and were the Court to conclude that the parole term Petitioner has now
15  completed is legally "void." See Lane, 455 U.S. at 633, 102 S.Ct. at 1328. Thus, this petition is
16  moot. Murphy v. Hunt, 455 U.S. at 481; Iron Arrow, 464 U.S. at 70.

## RECOMMENDATION

18  Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss
19  (Doc. 12), be GRANTED and that the instant petition for writ of habeas corpus (Doc. 1) be
20  DISMISSED as MOOT. This Findings and Recommendation is submitted to the United States
21  District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636
22  (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court,
23  Eastern District of California. Within twenty (20) days after being served with a copy, any party
24  may file written objections with the Court and serve a copy on all parties. Such a document
25  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
26  Replies to the objections shall be served and filed within ten (10) court days (plus three days if
27  served by mail) after service of the objections. The Court will then review the Magistrate
28  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 2, 2009**            /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE